**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                )
BETTY ANN NEWBY,                )
                                )
            Plaintiff,          )
                                )
      v.                        )   Civ. Action No. 08-1624 (EGS)
                                )
BARACK H. OBAMA,[1] _et al._,    )
                                )
            Defendants.         )
                                )
_____)


<u>**MEMORANDUM OPINION**</u>

Plaintiff, proceeding _pro se_, filed suit against various
federal officials and public figures alleging that they engaged
in surveillance of her and conspired against her in order to deny
her constitutional rights.  Pending before the Court is
defendants' motion to dismiss the complaint for lack of subject
matter jurisdiction, which was filed on March 23, 2009.[2]  Upon
careful consideration of defendants' motion to dismiss, the
applicable law, the entire record herein, and for the reasons
stated below, the Court **GRANTS** defendants' motion to dismiss.[3]

_____

[1]  Pursuant to Federal Rule of Civil Procedure 25(d), Barack
H. Obama, in his official capacity as President of the United
States, is substituted as defendant in place of former President
George W. Bush.

[2]  The motion to dismiss was filed on behalf of all
government employees sued in their official capacity.

[3]  On May 7, 2009, the Court issued an Order advising the
_pro se_ plaintiff of her obligations under the Federal Rules of
Civil Procedure and the local rules of this Court.  _See_ Docket
Entry 5.  The Court ordered plaintiff to file her opposition or

I.  **Background**

On September 22, 2008, plaintiff Betty Ann Newby filed a complaint against a multitude of defendants including President George W. Bush, President George H. W. Bush, Vice President Dick Cheney, Chief Justice John Roberts, Jr., and numerous other members of the Executive, Legislative, and Judicial Branches of the United States Government, as well as other individuals.

In her complaint, plaintiff alleges that defendants have committed various violations of her constitutional rights, including depriving her of the right to vote and destroying her property. *See generally* Compl.[4]  The eighteen page handwritten complaint sets forth vague legal arguments generally centered around plaintiff's failed attempts to participate in the confirmation hearings of Chief Justice John Roberts, Jr., Justice

---

other response to defendants' motion by June 8, 2009, and further notified her that, if she failed to file a timely response, the Court may treat the motions as conceded.  To date, no response has been filed.  The Court's records do not reflect that any mail sent to plaintiff has been returned to the Clerk of Court as undeliverable.  Nor is there a notification of a change of plaintiff's address.  The Court, therefore, treats defendants' motion as conceded; however, because the Court concludes that it does not have jurisdiction, it dismisses the action as to all defendants.

[4]  In their motion to dismiss, defendants refer to a type-written version of the complaint that was apparently served on defendants along with the handwritten version that was filed in this case.  Defendants state that this version of the complaint is attached to their motion to dismiss; however, no such "amended complaint" is attached to the motion.  Because this version of the complaint was not filed with the Court, the Court will cite to the original complaint filed at Docket Entry 1.

Samuel Alito, Jr., and several other Federal officials.  *See generally* Compl.

Plaintiff also asserts that she is under surveillance by various government agencies and officials who are stalking her and conspiring against her.  *See generally* Compl.  Specifically, plaintiff alleges that "George W. Bush and his officials and agents stalked her, interrupted her by having a Kinko[s] employee sound a false alarm, and used one of its agents to shut-down the copy machines to keep her from filing the mandamus application to enjoin the Senate."  Compl. ¶ 18.  Plaintiff also alleges that "agents for President Bush interfered with [her] job at [] Georgetown Hospital [by] requiring her to work over 80 hours during the week of" the confirmation hearings of several Federal officials.  Compl. ¶ 24.[5]  Plaintiff further asserts that "[a]n official in the George H. W. Bush Administration illegally classified [her] as a national security risk in 1990 as a political favor to Phillips Petroleum Company and the Harriet Miers' law firm and the Johnson and Whittenburg heirs," and that she was surveilled through the "Home guard surveillance network."  Compl. ¶ 9.  Plaintiff requests a preliminary and permanent injunction, declaratory relief, compensatory damages, and a "three judge court decision."  Compl. at 16.

---

[5]  The paragraphs and pages of the handwritten complaint are not in order.  Paragraph 24 appears on pages 9 and 11.

## II.  **Analysis**

Defendants have moved to dismiss the case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[6]  Federal courts are courts of limited jurisdiction and the plaintiff bears the burden of establishing subject matter jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 377 (1994).  While complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gray v. Poole*, 275 F.3d 1113, 1115 (D.C. Cir. 2002), "even a *pro se* plaintiff bears the burden of establishing that the Court has subject matter

---

[6]  Defendants also moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and the doctrines of collateral estoppel and *res judicata* based on other similar actions that have been filed in this Court.  The Court notes that plaintiff has filed several actions in this Court with overlapping and repetitive claims: *Newby v. President George Bush, et al.*, Civil Action No. 05-1877 (D.D.C.) ("Newby I"), in which Judge Huvelle dismissed plaintiff's claims seeking to enjoin the confirmation hearings of Chief Justice John Roberts on grounds of absolute immunity; *Newby v. George W. Bush, et al.*, Civil Action No. 06-160 (RCL) (D.D.C.), in which Chief Judge Lamberth *sua sponte* dismissed as frivolous plaintiff's complaint asserting claims that she was under surveillance; and *Newby v. George W. Bush, et al.*, 08-983 (RMC) (D.D.C.) ("Newby III"), where plaintiff moved to voluntarily dismiss her claims of conversion of property and violations of her civil and privacy rights, then appealed Judge Collyer's Order granting plaintiff's motion for dismissal. Because the Court concludes that it does not have subject matter jurisdiction over plaintiff's claims, it need not reach the question of whether plaintiff adequately stated a claim under Rule 12(b)(6) or whether the doctrines of collateral estoppel and *res judicata* apply.

jurisdiction." *Price v. College Park Honda*, No. 05-0624, 2006 WL 1102818, at *6 (D.D.C. Mar. 31, 2006) (citing *Rosenboro v. Kim*, 994 F.2d 13, 17 (D.C. Cir. 1993)).  "[T]he federal courts are without power to entertain claims that are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)).  No federal question jurisdiction exists "when the complaint is patently insubstantial." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (internal citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989).  To be dismissed under Rule 12(b)(1) on this ground the claims must be "flimsier than 'doubtful or questionable'- they must be 'essentially fictitious.'" *Best*, 39 F.3d at 330 (quoting *Hagans*, 415 U.S. at 536-37).  Claims that are essentially fictitious include those that allege "bizarre conspiracy theories, any fantastic government manipulations of their will or mind [or] any sort of supernatural intervention." *Id.* at 330.

Having reviewed plaintiff's complaint, it appears that its claims relating to alleged government surveillance and harassment are of the sort of "bizarre conspiracy theory" that warrant dismissal under Rule 12(b)(1).  For this reason, the Court concludes that the complaint is frivolous and that it does not have jurisdiction over plaintiff's claims.  Therefore,

defendants' motion to dismiss is **GRANTED** and the claims are

**DISMISSED** with prejudice as to all defendants.   An appropriate

Order accompanies this Memorandum Opinion.


**Signed:**      **Emmet G. Sullivan**
            **United States District Judge**
            **February 2, 2010**